# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TODD M. JACK**,

      **Plaintiff,**

v.                                            **Civil Action No. 2:10cv63**
                                                                   **(Judge Maxwell)**

**STATE OF WEST VIRGINIA,**
**AND JO ANN OVERINGTON,**
**Berkeley County Magistrate,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I.   Procedural History

The *pro se* plaintiff initiated this case on May 13, 2010. At that time, the plaintiff was in custody at the Eastern Regional Jail in Martinsburg, West Virginia. Because he failed to pay the required filing fee, or file a motion to proceed as a pauper, the Clerk sent the plaintiff a Notice of Deficient Pleading. In the notice, the plaintiff was advised to either pay the required filing fee or file a request to proceed as a pauper within twenty-one days of the date of the notice. The plaintiff was sent the forms needed by the Court to determine whether he was entitled to proceed as a pauper.

On May 21, 2010, the plaintiff filed an Application to Proceed Without Prepayment of Fees, an executed Consent to Collection of Fees form and a Prisoner Trust Account Report. However, the plaintiff's Prisoner Trust Account Report did not contain the ledger sheets to his inmate trust account, and in fact, it was noted on the form that the plaintiff's inmate account had been closed. A copy of a check issued to the plaintiff on May 17, 2010, closing his account, was attached.

On May 24, 2010, the plaintiff filed an Amended Complaint. It was noted at that time, that

the plaintiff's address had changed and an appropriate notation was made to the docket. Further, because he was no longer incarcerated, on June 1, 2010, the undersigned denied as moot his first motion to proceed *in forma pauperis* and ordered him to complete a new form based on his changed circumstances.

On June 10, 2010, the plaintiff filed a notice of change of address.

On June 18, 2010, the plaintiff filed a new motion to proceed *in forma pauperis*. That motion was granted on June 22, 2010. Accordingly, this case is before the undersigned for a preliminary review pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A

## II. Standard of Review

At the time this case was initiated, the plaintiff was a prisoner seeking redress from a governmental entity or employee. Moreover, the plaintiff has been granted permission to proceed as a pauper. Thus, the Court must review the complaint to determine whether it is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915A(b) (the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief).

## III. The Complaint

The plaintiff asserts four loosely defined grounds for which he is due relief: (1)diversity,[1] (2) cruel and unusual punishment, (3)due process violations, and (4)deprivation of his right to a speedy trial. In support of these grounds, he alleges that on or about April 18, 2009, he was arrested

---

[1] The plaintiff claims to be a citizen of Virginia in his complaint.

in Berkeley County West Virginia.² See Amended Complaint (dckt. 8) at 1. The plaintiff further states that on April 26, 2009, "under the watchful eyes of the Winchester Police," he was subjected to a "mugging and attempted murder" by two bail bondsmen, Ike Custer and Faye Seville of Express Bonds (Martinsburg, W. Va.). *Id*. at 2. He then alleges that he was unaware of any scheduled hearing/arraignment, as he had not been noticed.

Though not spelled out clearly in his pleadings, it appears that the bail bondsmen were engaged to bring the plaintiff into custody, presumably as a result of his not showing up at a court proceeding for which the plaintiff claims he was not noticed. Additionally, the plaintiff contends that the reason the Magistrate Judge issued the warrant for his arrest was because she was conspiring with an unnamed prosecuting attorney to pressure the plaintiff into taking a plea agreement. *Id*.

Next, the plaintiff complains that he was denied due process because he did not have an arraignment or hearing subsequent to his April 26, 2010 arrest.³ He further argues that the lack of a hearing/arraignment amounts to a violation of his Eighth Amendment right against cruel and unusual punishment and his Sixth Amendment right to a speedy trial. *Id*.

The plaintiff also contends that the $4000 bail imposed by the Magistrate Judge was excessive. *Id*. As grounds therefor, he asserts that (1) he was not properly noticed; (2) he was denied due process; (3) he was present at four terms of court; (4) his work history; (5) his lack of criminal history; and (5) the fact that he was not accused of committing a violent crime. *Id.*

In addition, the plaintiff states that "[u]pon review of this case, the court will find no violent

---

²There are no details or supporting documents in the plaintiff's complaint describing why he was arrested.

³ Yet three paragraphs later, the plaintiff states that the Magistrate scheduled a hearing for May 17, 2010 and that all charges against him were then dropped.

3

act" committed by him, yet he remained briefly shackled even after the court had dismissed all charges against him. *Id*. at 2-3. With this limited factual background, the plaintiff asks the court for the following relief:

(1) That all files/charges against him be locked away and cleared from his record;

(2) Full reparations for:

 (A) Money damages including:

  (1) loss of income ($22,500 at $125/hour),

  (2) loss of use ($535),

  (3) taxi fees from jail to Virginia ($50),

  (4) storage fee for an automobile ($600),

  (5) value of his pet parrot which he lost custody of ($1800),

  (6) boarding fees for his pet parrot ($108);

 (B) Unspecified damages resulting from:

  (1) the prevention of filing law school documents,

  (2) the prevention of pursuing other *pro se* civil matters,

  (3) physical and emotional distress,

  (4) denial of basic necessities (*i.e.*, underwear, socks, towel, and wash cloth); and

(3) That he be provided with his full magistrate court and Eastern Regional Jail records.

### IV. Analysis

Although the plaintiff's complaint must meet the pleading requirements of Fed. R. Civ. P. 8 pleading requirements, the Court also must examine his pleadings in light of the well-settled

principle that "however inartfully pleaded, [a *pro se* complaint] must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted). With this in mind, the Court construes the plaintiff's complaint as a 42 U.S.C. § 1983 action,[4] thus giving it subject matter jurisdiction pursuant to 28 U.S.C. 1331.[5]

A. **Claims Under 42 U.S.C. §1983**

"To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States." Green v. Maroules, 211 Fed. Appx. 159, 161 (4th Cir. 2006). Here, the petitioner has brought suit against two defendants: Jo Ann Overington, Berkeley County Magistrate and the State of West Virginia. The Court need look no further than the parties being sued to determine that the plaintiff's case should be dismissed with prejudice.

   1. **Allegations against the Magistrate Judge**

The plaintiff alleges that Magistrate Judge Overington conspired with the prosecuting attorney to pressure him into accepting a plea agreement by issuing a warrant for his arrest. See dckt. 8 at 1. He also alleges that the Magistrate Judge set excessive bail and introduced procedural delays resulting in the potential loss of custody of his pet parrot. *Id*. at 2.

In West Virginia, "judges are absolutely immune from civil liability for damages for actions taken in the exercise of their judicial duties." Carey v. Dostert, 406 S.E.2d 678, 682 (W. Va. 1991)(citing Stump v. Sparkman, 435 U.S. 349, 355-56 (1978)); See also Dennis v. Sparks, 449 U.S.

---

[4] The Court arrives at this conclusion based upon the plaintiff's allegations that the state and/or state actors, acting under color of state law, deprived him of certain Constitutional rights.

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

24, 31 (1980)("Judges are immune from § 1983 damages actions. . . ."). What's more, "[j]udicial immunity applies to both superior and inferior courts." Pritchard v. Crouser, 332 S.E.2d 611, 614 (W. Va. 1985)(holding that judicial immunity applies to a magistrate court judge despite the fact that the magistrate court is not a court of record).

Here, the plaintiff's claims are clearly based on actions Magistrate Judge Overington took while exercising her judicial duties. Thus, she is immune from damages as a result of those actions and the plaintiff's claims against her should be dismissed with prejudice. 28 U.S.C. 1915(e)(2) (Under the rules governing parties who proceed *in forma pauperis*, **"**the court *shall* dismiss [a] case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief.") (emphasis added).

### 2. Allegations against the State of West Virginia

"The Eleventh Amendment, in conjunction with related principles of state sovereign immunity, bars federal courts from hearing any suit commenced or prosecuted against one of the United States by Citizens of another State, or by its own citizens. A state, of course, remains free to waive its immunity from suit in a federal court." Sheehan v. W. Va. Dep't of Envtl. Prot. (In re T&T Fuels, Inc.), 55 Fed. Appx. 121, 123–24 (4th Cir. 2003)(internal citations and quotations omitted).

In West Virginia, it is well settled that the state constitutional provisions regarding immunity from suit are absolute. See *e.g.* Petros v. Kellas, 122 S.E.2d 177 (W. Va. 1961). One such provision states specifically that "[t]he State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any

garnishment or attachment proceeding, as garnishee or suggestee." W. Va. Const. Art. VI, § 35. Accordingly, the plaintiff's claims against the state of West Virginia are barred by the doctrine of sovereign immunity and should be dismissed with prejudice.

## V. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's amended complaint (dckt. 8) be **DISMISSED with prejudice** from the active docket of this court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk shall send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 27, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE